Decided July 8, 1988

DISTRICT COURT FOR THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

IN THE MATTER OF           )          DCA NO. 88-9011
                          )
ROBERT G. DUNCAN,          )          (CTC NO. 88-169C)
                          )
  An Alleged Insane Person. )         DECISION and ORDER
                          )

Title 3 CMC §2511 et seq. provides procedures whereby individuals who pose a danger to themselves or the community can be involuntarily committed for a period not exceeding 30 days. The procedures outlined in this statutory scheme require a hearing before a ·Commonwealth judge to determine if involuntary commitment is appropriate. These procedures are generally initiated by the attorney general's office and, as was the case herein, individuals are entitled to legal representation at the hearing.

Robert Duncan is an individual who was subjected to this procedure in the early part of 1988. Duncan was represented by the Public Defender's office. During the pendency of the hearings, a group called Protection and Advocacy of the Mentally Ill (PAMI) represented by Micronesian Legal Services moved to intervene as amicus curiae. The motion was granted orally by the trial court and was later

memorialized in a written order. PAMI participated in the lower court proceedings. Duncan was committed and remained hospitalized for 30 days during which he received psychiatric care. Duncan did not appeal the decision of the lower court.

On March 25, 1988, PAMI appealed the decision of the trial court. The government filed a motion to dismiss based on its position that as amicus curiae PAMI did not have standing to appeal. PAMI contends that it was an intervenor and in that capacity it can appeal.

The Court views the matter as turning on the sole issue of whether PAMI was an intervenor or an amicus curiae. As an intervenor, PAMI would be a real party in interest and have a vested right to appeal an adverse decision, however, as an amicus curiae, it would not have that right. 3B Moore's Federal Practice, paragraph 24.15 page 24-170. ("An intervenor must be sharply distinguished from a mere amicus curiae or a person who has been heard but has never intervened. Thus where there was no statutory right to be heard, ...[a party] may not appeal from a final order entered later in the proceedings, since they were not parties to the action.") (Footnote omitted).

The order granting PAMI's motion is titled "Order Granting Motion to Intervene." It cites Rule 24 of the Commonwealth Rules of Civil Procedure which, like the federal rule, deals with intervention. The text of the order, however, states that it is being signed in response to PAMI's

motion to "Intervene as Amicus." The memorandum in support of the motion speaks of intervention as amicus curiae. The Court interprets the documents as ambiguous, at best. All of them were drafted and submitted by PAMI and it is against PAMI that all ambiguities will be resolved.

It is not clear whether the motion and subsequent order were directed to intervention or amicus; the result is a hybrid. The Court is persuaded to rule against PAMI for three reasons:

1. PAMI drafted and submitted the motion and proposed order and it is against PAMI that any ambiguities are interpreted;

2. PAMI's involvement in the trial court more closely resembled that of an amicus. PAMI merely challenged the constitutionality of the law claiming that it was infirm because it failed to provide due process. It did not represent Duncan; and, finally,

3. Duncan has not appealed the order of commitment, PAMI has.

For these reasons, the government's motion to dismiss the appeal on the grounds that PAMI as amicus curiae does not have standing to appeal is GRANTED.

IT IS SO ORDERED.
Dated this _____ day of July, 1988.